**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DAVID L. WRIGHT and
JOANN L. WRIGHT,

      Plaintiffs,

          v.

CHESAPEAKE APPALACHIA, LLC and
STAT OIL USA ONSHORE
PROPERTIES, INC.,

      Defendants.

CIVIL ACTION NO. 3:CV-15-1879
(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Complaint filed by Plaintiffs David L. Wright and Joann L. Wright ("Plaintiiffs"). (Doc. 1.) Because the Complaint fails to establish that the Court has subject matter jurisdiction over this action, it will be dismissed unless Plaintiffs can show that diversity jurisdiction is proper.

## I. Background

Plaintiffs commenced this action on or about September 30, 2015. Plaintiffs allege that this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332. (*Compl.,* ¶ 1.) Plaintiff David Wright alleges to be "an adult and competent individual, who currently resides with his wife, Joann Wright, at their home in Wyoming County Pennsylvania and [is a] citizen of the Commonwealth of Pennsylvania." (*Id.* at ¶ 3.) Plaintiff Joann Wright alleges to be "an adult and competent individual, who currently resides with her husband, David Wright, at their home in Wyoming County Pennsylvania and [is a] citizen of the Commonwealth of Pennsylvania." (*Id.* at ¶ 4.) Plaintiffs allege Defendant "Chesapeake Appalachia, LLC is an

Oklahoma Corporation located at 6100 North Western Avenue, Oklahoma City, Oklahoma 73118 and has a principal place of business of 6100 North Western Avenue, Oklahoma City, Oklahoma 73118, such that it is a citizen of the state of Oklahoma." (*Id*. at ¶ 5.) Plaintiffs allege Defendant Stat Oil USA Onshore Properties, Inc., "is a Texas Corporation located at 2103 City West Boulevard, Suite 800, Houston, Texas 77042 and has a principal place of business of 2103 City West Boulevard, Suite 800, Houston, Texas 77042, such that it is a citizen of the state of Texas." (*Id*. at ¶ 6.)

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir.2002) (citing *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 255 (3d Cir. 2002)). Plaintiff alleges that the Court's basis for jurisdiction is pursuant to 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required

diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211, 25 S. Ct. 24, 49 L. Ed. 160 (1904) *But cf. Lincoln Benefit Life Co. V. AEL Life, LLC, et al.*, No. 14-2660, 2015 WL 5131423 (3d Cir. 2015) (permitting allegations of diversity of citizenship of LLC members without actual knowledge, but if averment made in good faith). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

As to the matter before the Court, the complaint adequately pleads the citizenship of Plaintiffs and Defendant Stat Oil USA Onshore Properties, Inc. The complaint alleges the citizenship of Plaintiffs as individuals and citizens of the Commonwealth of Pennsylvania.(*Compl.*, ¶¶ 3-4.) Additionally, the complaint adequately sets forth the citizenship of Stat Oil USA Onshore Properties, Inc. as a corporation with a principal place of business in Houston, Texas and thus Texas citizenship.(*Id*. at ¶ 6.)

However, the Complaint fails to adequately aver the citizenship of Defendant Chesapeake Appalachia, LLC. As alleged in the Complaint, the limited liability company Defendant is an "Oklahoma Corporation . . . and has a principal place of business of 6100 North Western Ave., Oklahoma City, Oklahoma, 73118." (*Id*. at ¶ 5.) Despite the allegation that Defendant Chesapeake is a corporation, the designation as an "LLC" entails different pleading requirements. Plaintiffs plead the citizenship of Chesapeake

3

Appalachia, LLC in the same manner in which it plead the corporate citizenship of Defendant Stat Oil USA Onshore Properties, Inc. However, as indicated, it is an LLC or a limited liability company, and "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (affirming that the citizenship of an artificial entity depends on the citizenship of all its members); *see also* 1 Fed. Proc., L. Ed. § 1:165 (2014) (acknowledging that a "limited liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens.").  Where one or more of an LLC's members is itself another LLC, the citizenship of each LLC must be determined by "trac[ing] through however many layers of partners or members there may be." *Zambelli Fireworks*, 592 F.3d at 420.

Here, the Complaint fails to identify the member(s) of Chesapeake Appalachia, LLC, and more importantly at this stage of the case, fails to comport with the pleading requirements recently set forth by the Third Circuit in *Lincoln Benefit Life Co. V. AEL Life, LLC, et al.*, No. 14-2660, 2015 WL 5131423 (3d Cir. 2015).  Therefore, the Court cannot determine that diversity jurisdiction applies to this entity.

### III. Conclusion

Because the Court cannot determine whether subject matter jurisdiction exists, the matter is subject to dismissal under Federal Rule of Civil Procedure 12(h)(3).  However, Plaintiffs will be given an opportunity to amend the Complaint and show that diversity of citizenship jurisdiction exists.  Plaintiffs will be granted twenty-one (21) days in which to file an amended complaint.  Failure to do so will result in this action being dismissed.

An appropriate order follows.


October 7, 2015                                          /s/ A. Richard Caputo
Date                                                     A. Richard Caputo
                                                         United States District Judge